IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-20049
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-169-1

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Carlos Garcia appeals the revocation of his supervised release as to his conviction for money laundering and aiding and abetting money laundering, one of three counts on which he was convicted. Garcia argues that the district court lacked jurisdiction to revoke his supervised release because the term of supervised release on the money laundering count had expired before a warrant issued in the revocation proceedings. Finding no error that warrants relief, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia was convicted in 1989 for money laundering and two drug offenses involving cocaine. In March 2000, he began serving three concurrent terms of supervised release, five years on the two narcotics charges and three years on the money laundering charge. In December 2002, Garcia was taken into custody pending the disposition of New York state law narcotics and firearm charges. He pleaded guilty to the state charges and was sentenced to six years to life imprisonment in May 2004. In November 2004, a warrant issued on a petition to revoke Garcia's supervised release. Garcia pleaded guilty to one violation of his supervised release conditions. The district court revoked Garcia's supervised release and sentenced him to 36 months of imprisonment as to each of the three counts of the 1989 conviction, all to be served concurrently.

Garcia argues on appeal that his supervised release on the 1989 money laundering conviction had expired in March 2003, long before the warrant issued on the revocation petition, and therefore his supervised release could not be revoked. He contends that his pretrial detention in New York did not serve to toll the running of his supervised release period. He further argues that the 36-month sentence upon revocation of supervised release from the money laundering conviction is beyond the statutory maximum of 24 months authorized for revocation of release from a Class C felony.

The district court imposed three 36-month revocation sentences to run concurrently. Garcia does not challenge the revocation of supervised release from the two narcotics convictions and does not contest the length of those sentences. The district court had jurisdiction to adjudicate the revocation petition with respect to those convictions. Assuming, without deciding, that Garcia's arguments on appeal are correct and that there is error with respect to the district court's revocation on the money laundering conviction only, Garcia identifies no adverse consequences to him from the judgment and does not argue what benefit might accrue to him from relief on appeal. We therefore affirm the judgment. Cf. United States v. Stovall, 825 F.2d 817, 824 (5th Cir. 1987) (the

existence of one valid sentence makes unnecessary the review of other sentences that run concurrently with it).

AFFIRMED.